Coloock, J
In this case, two questions arise, first whether the plea in its nature was an issuable plea?
And secondly, has a judge the power to give further time to a defendant, when he orders his plea to be stricken out?
There are many matters which maybe pleaded either in abatement or bar, as best suit the views of the defendant. And therefore the argument which goes to shew, that this matter may have been pleaded in abatement does not prove that it may not have been pleaded in bar. The defendant by his default had suffered an interlocutory judgment to be obtained against him, he was therefore driven to the necessity of pleading in bar if he could do so, of which there can be no doubt. He denies the right of the plaintiff to maintain an action in the character of commissioner.- This certainly goes to the destruction of the action. The subject is placed in a very perspicuous light by Chitty, (1 vol. p. 434.) “When *427 ever the subject matter of a plea, or defence, is, that the plaintiff cannot maintain any action at any time in respect of the supposed cause of ac ión it may and usually should be pleaded in bar; but matters which merely defeat the present proceedings and do not shew that the plaintiff is forever concluded should in general be pleaded in abatement.
“There are however some matters which may be pleaded in abatement or bar; as in replevin for goods, the defendant may plead property in himself or in a stranger either in abatement or bar; so outlawry for felony, alien enemy, and attainder, where the cause of action is thereby forfeited, may be pleaded in abatement or in bar.” And he adds “when the defendant has omitted to plead in abatement- in due time he must then plead in bar.” The examples here given however may be said not to reach the case; that of alien enemy certainly does; but Chitty does not leave the subject in doubt; for in page 445, he lays down the true criterion which distinguishes a plea in abatement from a plea in bar, — “ where the subject matter of the plea tends to shew that the plaintiff cannot maintain any action,” it should be pleaded in bar, and-' not in abatement. Therefore where the action is by an administrator stating a gra.t of administration from a bishop of a particular diocese, a plea of bona nofabilia should be in bar and not in abatement; because it shews that the plaintiff has no right to sue at all in the character of administrator: so here, the plea was intended to shew that the plaintiff could not sue in the character of commissioner. It is not intended to give any opinion on the form of the plea, for that is not before us.
If however the judge thought proper to strike it out, he certainly had a right to exercise a discretion as to giving further time to plead. This discretion must, from the very nature of things be invested, in every judge. If a plea is frivolous or is intended only for the purpose of delay, no such indulgence should be granted; but where the attorney seriously intended it to he tried, and for any defect in form or otherwise it is *428 stricken out, it certainly would be injustice to the rights of parties to refuse further time to plead; and on all these circumstances the presiding judge must be best qualified to. decide.
Henry & Earle, for the motion,
Davis, contra.
Here an issue was tendered; if informally, the plaintiff might have demurred.
The motion is refused.